# UNITED STATES DISTRICT COURT
### for the
### Middle District of Georgia

United States of America

v.                                                    )
                                                      )   Case No:   3:17-CR-00036-001 (CAR)
Mackee Smith                                          )
                                                      )   USM No:   96289-020
                                                      )
Date of Original Judgment:          August 14, 2018   )
Date of Previous Amended Judgment:  N/A               )   Beau Worthington
*(Use Date of Last Amended Judgment if Any)*              *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of   ☐ the Defendant   ☐ the Director of the Bureau of Prisons   ☒ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
        ☐ DENIED.     ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____78_____ months **is reduced to** _____Time Served_____ .

Smith was originally sentenced on August 8, 2018, to a term of 78 months imprisonment, to run consecutively to the term of imprisonment imposed in Athens-Clarke County Superior Court case SU-12-CR-46 for violation of probation. His imprisonment is to be followed by a 36-month term of supervised release. He is required to pay $100 for his mandatory assessment. At sentencing, the Court determined Smith's Total Offense Level was 21 and his Criminal History was IV, which yielded an advisory guideline sentencing range of 57 to 71 months. Specifically, Smith's criminal history subtotal was eight (8). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) points were added yielding a total score of ten (10). This resulted in a Criminal History Category of V. Based upon Amendment 821, Part A of the *United States Sentencing Guidelines,* defendants with seven (7) or more criminal history points receive one (1) point for being under a criminal justice sentence rather than two (2) points. Therefore, Smith would receive only one (1) additional point for being under a criminal justice sentence under the amended guidelines. Consequently, his total criminal history score would be nine (9), his Criminal History Category would be IV, and his guideline sentencing range would be 57 to 71 months.

The government agrees that Smith is eligible for relief and recommends a sentence in the middle of the new range. However, Smith is scheduled to release from custody on February 15, 2025. Therefore, a sentence in the middle of the new range will result in a sentence of Time Served, effective February 1, 2024.

Except as otherwise provided, all provisions of the judgment dated ___August 14, 2018___ shall remain in effect.

**IT IS SO ORDERED**.

Order Date:   16 Jan. 2024

Effective Date:   February 1, 2024
                  *(if different from order date)*

C. Ashley Royal, Senior U.S. District Judge
*Printed name and title*